The opinion of the Court was delivered by
Dunkin, Ch.
By the will of Robert Brown, it is quite clear that each of his four sons took, not merely a life interest, but an absolute estate in the personalty bequeathed to them. It is to he equally divided between them, “ share and share alike, to them and their heirs forever.” But this absolute estate was defeasible on a contingency, “ if either of my sons should die without issue, his part shall be equally divided between the survivors.” Charles Brown, defendant’s testator, was the last surviving child of his father, Robert Brown, The complainant’s intestate had been dead thirty years before his brother Charles died. Complainant’s intestate loft issue, and his absolute interest in the share bequeathed to him was, therefore, indefeasible. But it is insisted, on the part of the appellant, that her intestate had an interest in Charles’s share, which was transmissible to his representatives, and that, on the death of Charles without issue, she, as administratrix of Wm. Brown, deceased, became entitled to the estate, although her intestate died before his brother.
If the position assumed by the complainant be correct, it is obviously fatal to her claim. The gift to the first taker is in the most ample terms, “ to him and his heirs forever, but if he should die without issue, his part shall be equally divided between the survivors.” The only ground upon which this limitation overean be sustained, as demonstrated in Massey vs. Hudson, 2 Mer. 130, and Postell vs. Postell, 1 Bail. Eq. 390, is that “ it was intended that the survivor was meant individually and personally to enjoy the legacy, and not merely to take a vested interest, which might, *265 or might not, be accompanied by actual possession” — otherwise, although there should be no such failure of issue as would enable him personally to take, yet his representatives would be entitled to claim in his right whenever the failure of issue should happen, which might be fifty years after the death of the first taker. “ Unless the term survivor has the effect of limiting the generality of the expression, dying without issuein other words, if it is not a personal, but a transmissible, interest which is intended, there is no ground to support the limitation over, and the interest of the legatee would be absolute and indefeasible. It may be further remarked, that, if the limitation over were not too remote, but might take effect on the failure of issue at any time, there would be more legitimate ground for argument that the defendant, representing the last sinviving brother, was entitled to the share of William Brown, the complainant’s intestate, than that the complainant would take Charles’s share. Eor although William died leaving issue, yet the issue became extinct in the life time of Charles, who was then the last survivor. But upon the principle and the authorities before stated, William having left issue at the time of his death, his estate was indefeasible, although the issue might afterwards fail. It is an entire misapprehension to suppose that the vesting of the estate depended upon the legatee having or leaving issue. It vested immediately on the death of Robert Brown, the original testator, and was defeasible only upon the happening of a contingency. If that event occurred, it was limited over to certain persons. None are entitled but those who can bring themselves within the description at the happening of the contingency. Neither the complainant, nor any one else, answered the description at the death of Charles Brown, who was the last surviving brother. Under these circumstances, it was held by the Chancellor, that, as it was the manifest intention of the testator to part with his whole estate, and as at the death of Charles Brown there was no one capable of taking under the description of survivor, his estate was absolute, and such conclusion has the sanction of Powell vs. Brown, 1 Bail. 100, and the au- *266 tborities there cited. But this is an unimportant inquiry. If tbo result were otherwise, and it became a case of intestacy, none could claim but the legal representative of the original testator, and that character is not sustained by the complainant.
The appeal is dismissed.
JOHNSTON, Dargak and Wardlaw, CC. concurred.

Appeal dismissed.